IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRY CRUZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiff,<br><br>v.<br><br>ZENNI OPTICAL, INC.,<br><br>Defendant. | Case No. 3:21-cv-3168<br><br>Removal from the Circuit Court of Sangamon County, Illinois<br><br>No. 2021-L-000079 |

## NOTICE OF REMOVAL

Defendant Zenni Optical, Inc. ("Zenni" or "Defendant"), by counsel and pursuant to 28 U.S.C. ¶ 1446, hereby removes to the United States District Court for the Central District of Illinois, the action commenced against Zenni in the State of Illinois Circuit Court, Seventh Judicial Circuit, Sangamon County. Zenni states the following grounds in support of removal.

### I. Procedural History and Plaintiffs' Allegations

1.   Plaintiff instituted this action by filing a complaint styled *Sherry Cruz, individually and on behalf of all others similarly situated v. Zenni Optical, Inc.*, Case No. 2021L000079, in the State of Illinois Circuit Court, Seventh Judicial District, Sangamon County.

2.   Plaintiff alleges that Zenni violated the Illinois Biometric Information Act ("BIPA" or "the Act"). Specifically, Plaintiff appears to allege violations of Sections 15(a) and 15(b) of the Act. *See* Ex. 2 ¶¶ 83–84.

3.   Plaintiff brings this action as a putative class action, on behalf of the following individuals (the "Putative Class"):

> All persons who had their biometric identifiers, facial geometry, faceprints, or facial data captured, collected, or received by

Defendant while residing in Illinois from five years preceding the date of filing of this action through the date a class is certified in this action. Ex. 2 ¶ 70.

## II. Removal is Proper Because this Court has Subject Matter Jurisdiction

4. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

5. Pursuant to CAFA, federal courts have jurisdiction over a class action if: (a) it involves 100 or more putative class members; (b) any class member is a citizen of a state different from any defendant; and (c) the aggregated amount in controversy exceeds $5 million, exclusive of interest and costs. *See id.*

6. As alleged, the Putative Class includes more than 100 members. Plaintiff purports to bring this matter on behalf of individuals who used Zenni's "virtual try-on" feature while residents of Illinois over a time period exceeding five years. *See* Ex. 2 ¶ 70. As stated below (*infra* Para. 8), over 1,000 customers with Illinois addresses have used the virtual try-on feature on Zenni's website in the last five years and, as alleged in the Complaint, are putative class members.[1]

7. Minimal diversity, as required by 28 U.S.C. § 1332(d)(2)(A), exists. For jurisdiction under CAFA, "any member of a class of plaintiffs must be a citizen of a State different from any Defendant." 28 U.S.C. § 1332(d)(2)(A).

    a. Plaintiff is a resident and citizen of Illinois. *See* Ex. 2 ¶ 1. Moreover, the Putative Class is comprised only of residents of Illinois. *See id.* at ¶ 70.

    b. Zenni is, and was at the time of the commencement of this action, a corporation organized under the laws of California with its principal place of

---

[1] The issue of whether the appropriate statute of limitations for a BIPA action is one, two, or five years is currently pending before the Illinois Appellate Courts in *Tims v. Black Horse Carriers Inc.*, No. 1-20-0563, in the Illinois Appellate Court, First District and *Marion v. Ring Container Techs. LLC*, No. 3-20-0184, in the Illinois Appellate Court, Third District (considering whether BIPA claims are subject to a one-, two-, or five-year statute of limitations).

business in California. *See* Ex. 1 (Declaration of Sandy Griffith) at ¶ 3. Thus, pursuant to 28 U.S.C. § 1332(c), Zenni is a citizen of California.

  c.  Because Zenni and at least one plaintiff are citizens of different states, sufficient diversity exists under CAFA.

8. The aggregate amount in controversy exceeds $5,000,000, exclusive of costs and interest, as required by 28 U.S.C. § 1332(d)(2).

  a.  Plaintiff seeks $1,000 from Zenni for each negligent violation of BIPA and $5,000 from Zenni for each willful or reckless violation of BIPA in connection with uses of its "virtual try-on" platform in Illinois. *See* Ex. 2 Prayer for Relief ¶ D.

  b.  Plaintiff alleges that Zenni violated BIPA each time that its "virtual try-on" feature was used. *See* Ex. 2 ¶¶ 82–86.

  c.  In the last five years, over 1,000 customers with Illinois addresses used the virtual try-on feature on Zenni's website. *See* Ex. 1 ¶ 6.

  d.  Because Plaintiff seeks up to $5,000 per violation per person who used the virtual try-on feature, it is not legally impossible that the damages at issue in this matter exceed $5,000,000, which satisfies CAFA's amount in controversy requirement.

  e.  Thus, this Court has jurisdiction over this matter pursuant to CAFA.

### III. Defendant Has Satisfied the Procedural Requirements for Removal

9. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed, as Zenni was served on June 18, 2021.

10. The United States District Court for the Central District of Illinois embraces the county in which this action was filed: Sangamon County, Illinois. Venue in this district is therefore proper under 28 U.S.C. § 1441(a).

11. Zenni is the only defendant named in the Complaint, and it consents to removal.

12. Defendant will promptly file a removal notice, together with a copy of the instant Notice of Removal, with the Clerk of the State of Illinois Circuit Court, Seventh Judicial District, Sangamon County, in accordance with 28 U.S.C. § 1446(d), and will serve written notice of the same on Plaintiffs' counsel of record.

13. True and correct copies of all process, pleadings, and orders served on Zenni in the action pending in Illinois Circuit Court, Seventh Judicial District, Sangamon County, Illinois are attached hereto as follows:

   a. A copy of the Complaint, filed on May 12, 2021 (Exhibit 2);

   b. A copy of the Summons for Zenni (Exhibit 3);

   c. A copy of the Rule 222(b) affidavit (Exhibit 4);

   d. A copy of the Class Certification Motion and attached exhibits (Exhibit 5).

WHEREFORE, Zenni requests that this Court assume jurisdiction over this action from the Illinois Circuit Court, Seventh Judicial District, Sangamon County, and that this action proceed as removed to this Court's jurisdiction.

Respectfully submitted this 19th day of July 2021.

    Zenni Optical, Inc.

    By: /s/ *Tiffany S. Fordyce*
        One of Its Attorneys

    Tiffany S. Fordyce
    GREENBERG TRAURIG, LLP
    77 West Wacker Drive, Suite 3100

Chicago, Illinois  60601
T: (312) 456-8400
F: (312) 456-8435
fordycet@gtlaw.com

## CERTIFICATE OF SERVICE

On July 19, 2021, I electronically submitted the foregoing **NOTICE OF REMOVAL** document with the clerk of court for the United States District Court for the Central District of Illinois, using the electronic case filing system of the court. I hereby certify that I have served all documents required to be served upon counsel of record electronically or by email at the following addresses:

Brandon Wise
bwise@peifferwolf.com

Aaron Siri
aaron@sirillp.com

Mason Barney
mbarney@sirillp.com

/s/ *Tiffany S. Fordyce*